NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEN & JERRY'S FRANCHISING, INC., a Vermont corporation; BEN & JERRY'S HOMEMADE, INC., a Vermont corporation, | No. 09-17826 |
| | D.C. No. 2:07-cv-02599-JAM-KJM |
| Plaintiffs-counter-defendants - Appellees, | |
| | MEMORANDUM[*] |
| v. | |
| MEHRDAD PORGHAVAMI, | |
| Defendant-counter-claimant - Appellant, | |
| and | |
| MPA GROUP, INC., | |
| Defendant, | |
| v. | |
| WONDER ICE CREAM LLC, | |
| Counter-defendant - Appellee. | |

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Mehrdad Porghavami appeals pro se from the district court's summary judgment in this diversity action concerning an ice cream franchise. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination of standing and its grant of summary judgment. *Del. Valley Surgical Supply Inc. v. Johnson & Johnson*, 523 F.3d 1116, 1119 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment to Ben & Jerry's and Wonder Ice Cream on Porghavami's counterclaims because Porghavami lacked standing in his individual capacity to assert claims for alleged wrongs against the franchise corporation. *See Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439-40 & n.13 (9th Cir. 1979) (president and sole stockholder of franchise corporation lacked standing in his individual capacity to assert contract claims, even though he had personally guaranteed corporation's obligations).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment to Ben & Jerry's on its claims to recover $12,757 from Porghavami because the undisputed evidence showed that neither Porghavami nor the franchise corporation paid for the received ice cream products, and Porghavami personally guaranteed to Ben & Jerry's the obligations of the franchise corporation. *See Lectrodryer v. SeoulBank*, 91 Cal. Rptr. 2d 881, 883 (Cal. Ct. App. 2000) (elements of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another").

Porghavami's remaining contentions, including those concerning mediation and the alleged failure to demand payment, are unpersuasive.

**AFFIRMED.**